# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: LUCA INTERNATIONAL GROUP
SECURITIES LITIGATION**          MDL No. 2866

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Defendant Lei (Lilly) Lei in the two actions before the Panel moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California. Defendant Bingqing Yang does not oppose the motion. Plaintiffs in both actions oppose the motion. This litigation consists of two actions pending in two districts, as listed on Schedule A.

These actions arise out of allegations that common defendants Lei Lei, Anthony V. Pollace, and Bingqing Yang violated federal securities laws by selling unregistered securities in Luca funds and engaging in a scheme to defraud investors. The Northern District of California action is a civil enforcement action brought by the Securities Exchange Commission (SEC). The action pending in the Southern District of Texas bankruptcy court is an adversary proceeding brought by the Trustee of the Luca Liquidating Trust on behalf of the trust's beneficiaries.

On the basis of the papers filed and hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. All actions involve questions of fact as to the scheme in which defendants Lei, Yang, and Pollace are alleged to have participated. But we are not convinced that centralization will deliver significant benefits in terms of enhancing the efficient conduct of these actions or the convenience of the parties. There are just two actions pending in two districts, with a limited number of parties and counsel. Informal coordination clearly is practicable. And it seems movant has not explored alternatives to centralization before filing the present motion. *See In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) ("centralization under Section 1407 should be the last solution after considered review of all other options." ).

Additionally, the actions are in widely different procedural postures. The *SEC* action has been pending for three years, discovery is nearly complete, and the court is hearing motions for summary judgment. In contrast, defendants to the adversary proceeding were served four months ago. Centralization, therefore, would have the likely effect of delaying the quite advanced *SEC* action.

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

-2-

The SEC argues that 15 U.S.C. § 78u(g) prohibits its action—an action for equitable relief instituted by the SEC pursuant to the securities laws—from being coordinated or consolidated with other actions not brought by the SEC without the SEC's consent, which it has not granted.  We find that the circumstances presented in this motion do not warrant centralization and, therefore, we need not reach this argument.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Marjorie O. Rendell | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

**IN RE: LUCA INTERNATIONAL GROUP**
**SECURITIES LITIGATION**                                        MDL No. 2866

### SCHEDULE A

<u>Northern District of California</u>

SECURITIES AND EXCHANGE COMMISSION v. LUCA INTERNATIONAL
GROUP, LLC, ET AL., C.A. No. 3:15-03101

<u>Southern District of Texas</u>

RANDY WILLIAMS, TRUSTEE OF THE LUCA LIQUIDATING TRUST v. LEI
(LILY) LEI, ET AL., Bky. Advy. No. 4:17-03375